UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KENT L. CLARK,<br><br>*Defendant.* | Criminal Action No. 90-12-2<br><br>ORDER |

**THIS MATTER** comes before the Court by way of Defendant Kent. L. Clark's ("Clark") Motion for Reduction of Sentence under the First Step Act, 18 U.S.C. § 3582(c)(1)(A) (the "FSA"), ECF No. 9, Motion for a New Trial pursuant to Federal Rule of Criminal Procedure 33, ECF No. 11, and Motion for Arrest of Judgment pursuant to Federal Rule of Criminal Procedure 34(a), ECF No. 12;

and it appearing that the United States of America (the "Government") opposes each of Clark's Motions, ECF No. 17 ("Gov. Br.");

and it appearing that on January 11, 1990, Clark was indicted for his participation in a January 14, 1985 incident in which Clark and a codefendant kidnapped a mail carrier, entered the house of a local bank manager, raped the manager's teenage daughter, handcuffed the manager's mother and daughter, and demanded a $200,000 ransom for their release, see Indictment, Gov't Ex. F, ECF No. 17.6; see also July 12, 2018 Opinion at 1, ECF No. 8;

and it appearing that after a jury convicted Clark on seven counts of the Indictment on December 6, 1990, Clark was sentenced to the equivalent of life imprisonment plus five years, to run consecutively, see March 4, 2004 Opinion at 2, ECF No. 1;

and it appearing that Clark is currently incarcerated at Federal Correctional Institute, Coleman Low;

1

and it appearing that on May 28, 2019, Clark filed a pro se Motion for Reduction of Sentence, seeking reduction of his sentence in light of his alleged medical conditions, see ECF No. 9;

and it appearing that a defendant seeking a reduction in sentence under the FSA "bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release," United States v. Sellers, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (citing 18 U.S.C. § 3582(c)(1)(A));

and it appearing that the Government concedes that Clark has exhausted his administrative remedies, as 30 days have lapsed since the BOP's receipt of Clark's request for a sentence reduction, see Gov. Br. at 7;

and it appearing that the Government argues that a reduction of sentence is improper because Clark has not presented medical evidence demonstrating extraordinary and compelling reasons for release;

and it appearing that the Court may modify an imprisonment term if it finds "extraordinary and compelling circumstances warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(i);

and it appearing that pursuant to the relevant Sentencing Commission policy statement, a defendant may show extraordinary and compelling reasons for release based on a medical condition where (1) "[t]he defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory)," or (2) he or she is "(I) suffering from a serious

physical or medical condition, (II) suffering from a serious function or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," U.S.S.G. § 1B1.13;

and it appearing that while Clark argues that he suffers from hallucinations, poor vision, irregular heartbeat, high blood pressure, and memory loss, he has failed to present medical records or other evidence in support of these claims;

and it appearing that the Government has filed Clark's relevant medical records, which (a) contain no reference to hallucinations or high blood pressure; (b) state that Clark suffers from "no significant mental health issues," Gov't Ex. B, at 83-89, ECF No. 17.2; (c) state that Clark's cardiac arrhythmia and atrial fibrillation are in remission, Gov't Ex. A, at 25-26, ECF No. 17.1; and (d) note that Clark has received eyeglasses to address his poor vision, id. at 20, 25;

and it appearing that Clark has therefore failed to satisfy his burden to demonstrate that his medical conditions present an extraordinary and compelling reason for release under the Sentencing Commissions' policy statements at this time, see, e.g., United States v. Brooks, No. 95-564-1, 2020 WL 4347373, at *3 (E.D. Pa. July 29, 2020) (denying motion for compassionate release where defendant "failed to raise any evidence he suffer[ed] from a terminal illness, physical or medical condition, cognitive or functional impairment, or age-related deterioration which substantially diminishes his ability to provide self-care in prison");

and it appearing that the Court denies Clark's Motion for Reduction of Sentence without prejudice;

and it appearing that on May 12, 2020, Clark filed a pro se Motion for New Trial on the basis of newly discovered evidence, ECF No. 11;

and it appearing that unless waived by the Government, a "motion for a new trial [under Rule 33] grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty," see United States v. Rashid, 375 F. App'x 199, 201 (3d Cir. 2010) (citing Fed. R. Crim. P. 33(b)(1));

and it appearing that since Clark's Rule 33 Motion for New Trial was filed nearly twenty years after his verdict, it is therefore untimely and may not be considered;

and it appearing that on July 6, 2020, Clark filed a pro se Motion for Arrest of Judgment, arguing that the Court lacked subject matter jurisdiction to enter judgment because proceedings against him were initiated after expiration of the relevant statute of limitations, ECF No. 12; see also 18 U.S.C. § 3282(a) (providing that "no person shall be prosecuted, tried, or punished" for a noncapital offense, "unless the indictment is found . . . within five years next after such offense");

and it appearing that Clark was indicted on January 11, 1990, which is less than five years after the date of the offense, January 14, 1985, see Indictment;

and it appearing that the Court therefore denies Clark's Rule 34 Motion for Arrest of Judgment;[1]

**IT IS** on this 6th day of April, 2021;

**ORDERED** that the Clark's Motion for Reduction of Sentence and Compassionate Release, ECF No. 9, Motion for New Trial, ECF No. 11, and Motion for Arrest of Judgment, ECF No. 12, are **DENIED**.

---

[1] Clark's Motions for New Trial and Arrest of Judgment may also be construed as petitions under 28 U.S.C. § 2255 ("Section 2255"), which permits an incarcerated defendant to attack the validity of his conviction or sentence. However, a defendant may not file a "second or successive" Section 2225 application without prior approval from the relevant court of appeals. 28 U.S.C. § 2255(h)(1). Clark has filed three previous Section 2225 motions, see ECF No. 8, but has not obtained authorization from the Court of Appeals for the Third Circuit to file the instant Motions. The Court consequently lacks jurisdiction to consider Clark's arguments under Section 2225.

>*/s Madeline Cox Arleo*
>**MADELINE COX ARLEO**
>**UNITED STATES DISTRICT JUDGE**